UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROGER CLINE and CAROL CLINE, | CIV NO. 06-00882 FCD EFB |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| WILLIAM "CHIP" DELLAPENNA, BRENDA DELLAPENNA, and DOES 1 through 50, inclusive, | |
| Defendants. | |

WILLIAM "CHIP" DELLAPENNA, BRENDA DELLAPENNA,

        Third-Party Plaintiffs
        and Counterclaimants,

   v.

CAPITAL HOLDINGS INT. LLC; UNITED STATES OF AMERICA; VALDERMERE BOUGH, individually and dba Senior Insurance Services and dba Bough Insurance Group; CHUCK LEWIS aka CHARLES LEWIS, ROGER CLINE; CAROL CLINE,

        Third-Party Defendants
        and Counterdefendants.

----oo0oo----

This case is before the court on third-party defendant United States of America's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Third-party plaintiffs William "Chip" Dellapenna and Brenda Dellapenna ("plaintiffs") filed a timely notice of opposition and plaintiffs and counterdefendants Roger Cline and Carol Cline filed a notice of non-opposition.  For the reasons set forth below,[1] the defendant's motion is GRANTED.

## BACKGROUND

This case originated in California state court in the County of Eldorado, where it has been pending for two years.  Plaintiffs Roger and Carol Cline claim they were induced by their longtime acquaintances, the Dellapennas, to invest in a "Ponzi" scheme, which operated under the name Capital Holdings International, LLC ("Capital Holdings").  The Clines invested $50,000 after being assured by the Dellapennas, and by Mr. Dellapenna in particular, that the investment was secure and legitimate. (Pls.' Fourth Am. Compl., filed Nov. 15, 2005 ["FAC"] at 2:12-23.)  Plaintiffs claim that in reality, Mr. Dellapenna was a "paid sales person or finder" for Capital Holdings.  (FAC at 2:9-11.)

Shortly after the Clines invested their money, the federal government initiated a forfeiture action against the bank accounts of Capital Holdings and other related entities and individuals in the United States District Court for the District

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  See E.D. Cal. Local Rule 78-230(h).

2

1  of Colorado,[2] seizing all the funds in those accounts and
2  securing indictments against the principal parties responsible
3  for the scheme. (FAC at 4:27-5:4.)  The forfeiture action was
4  completed on February 17, 2005, and legal title to the money was
5  transferred to the United States.  (Final Order of Forfeiture and
6  J., filed Feb. 17, 2005, Dist. Colo. Action.)  The monies are
7  currently being held in trust for distribution to the victims of
8  the scheme.  (Settlement Agreement, filed Feb. 16, 2005, Dist.
9  Colo. Action, at 1-2.)
10     On June 7, 2005 the Clines filed this suit in state court
11 against the Dellapennas, alleging counts of intentional
12 misrepresentation, negligent misrepresentation, negligence,
13 misrepresented securities, conspiracy, and violations of
14 California law.  (FAC at 11-12.)  After almost a year of
15 litigation, the Dellapennas filed a countersuit and third-party
16 complaint on April 1, 2005, stating counterclaims against the
17 Clines and third-party claims against the United States and other
18 individuals. (Defs.' Cross-Compl., filed Apr. 1, 2005 ["CC"].)
19 The claims asserted against the United States are for indemnity,
20 apportionment of fault, and declaratory relief. (CC at 2-3, ¶¶ 7-
21 9.)
22 /////
23 /////
24 /////

---

[2]   The court hereby takes judicial notice of the docket, settlement stipulation, and judgment in the forfeiture action, *United States of America v. Certain Bank Accounts,* No. 1:03-cv-00403-REB-CBS (D. Colo.)(hereinafter "Dist. Colo. Action"), which are attached as exhibits to the United States' motion to dismiss.

3

**STANDARD**

**I.   Rule 12(b)(1)**

The Eleventh Amendment limits the subject matter jurisdiction of the federal courts. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53-54 (1996). Lack of subject matter jurisdiction may be asserted by either party or the court, *sua sponte*, at any time during the course of an action. Fed. R. Civ. P. 12(b)(1). Once challenged, the burden of establishing a federal court's jurisdiction rests on the party asserting the jurisdiction. See Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990). There are two forms of Rule 12(b)(1) attacks on subject matter jurisdiction: facial and factual attacks. See Thornhill Publ'g Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). In an action such as this, where defendants contend that the lack of federal jurisdiction appears from the "face of the complaint," the allegations in the complaint are taken as true for the purposes of the motion. Id.

**ANALYSIS**

It is axiomatic that the United States has sovereign immunity and cannot be sued without its consent. United States v. Mitchell, 463 U.S. 206, 212 (1983)("Mitchell I"); see also United States v. Dalm, 494 U.S. 596, 608 (1990); Honda v. Clark, 386 U.S. 484. 501 (1967); United States v. Sherwood, 312 U.S. 584, 586 (1941). Sovereign immunity is not a defense, but a complete jurisdictional bar in circumstances where it has not been waived. Mitchell I, 463 U.S. at 212; Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). Any waiver must be

clear and unequivocal; waivers will not be implied. <u>Hollowman v. Watt</u>, 708 F.2d 1399, 1401 (9th Cir. 1983) (citing <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980)("<u>Mitchell II</u>"). It is the burden of the party attempting to bring suit against the United States to show the existence of a definitive waiver of sovereign immunity. <u>Baker v. United States</u>, 817 F.2d 560, 562 (9th Cir. 1987); <u>Hollowman</u>, 708 F.2d at 1401.

The plaintiffs have not shown the existence or applicability of any waiver of sovereign immunity that would make the United States amenable to suit. While the Federal Tort Claims Act ("FTCA")(28 U.S.C. 1346(b)) served as the basis of removal for this case from the state court,[3] plaintiffs concede that they "do not proceed against the [United States] on any theory of tortious conduct by the [United States]." (Pls.' Mem. of P&A in Opp'n to Mot. to Dismiss ["Opp'n"], filed Aug. 18, 2006, at 2.) Thus, because claims brought under the FTCA must be predicated on some theory of tort liability, the FTCA does not apply and, consequently, will not serve as a waiver of sovereign immunity for plaintiffs' claims.

Plaintiffs instead seek to bring their claims under the Federal Declaratory Judgment Act ("FDJA"), 18 U.S.C. 2201. (Opp'n at 5-6.) However, plaintiffs fail to cite to any authority which interprets the FDJA as a waiver of sovereign immunity. To the contrary, the Ninth Circuit has held that the

---

[3] The power of the United States to remove the case to federal court is separate from the issue of whether this court has subject matter jurisdiction to hear the case. The two "are analytically distinct inquiries and should not be confused." <u>Neb. ex rel. Dep't of Soc. Servs. v. Bentson</u>, 146 F.3d 676, 679 (9th Cir. 1998).

5

1  FDJA is <u>not</u> a waiver of sovereign immunity.  <u>White v.</u>
2  <u>Administrator of Gen. Svcs. Admin.</u>, 343 F.2d 444 (9th Cir. 1965);
3  <u>see also</u> <u>Eric v. Secretary of U.S. Dep't of Hous. & Urban Dev.</u>,
4  464 F.Supp. 44, 48 (D. Alaska 1978); <u>Hous. Auth. of S.F. v. U.S.</u>
5  <u>Dep't of Hous. & Urban Dev.</u>, 340 F. Supp. 654, 656 (N.D. Cal.
6  1972).

7       Plaintiffs also contend that California Code of Civil
8  Procedure section 1060 provides for an equitable remedy against
9  the federal government.  While section 1060 may provide a very
10 broad remedy to those seeking "a declaration of their rights and
11 duties with respect to another" (Opp'n at 4-5), it is not broad
12 enough to abrogate sovereign immunity.  <u>Hoyt v. Bd. of Civ. Serv.</u>
13 <u>Comm'n</u>, 21 Cal. 2d 399, 401 (1942) (stating that statutes
14 providing for declaratory relief, such as Cal. Code of Civ. Proc.
15 § 1060, "do not authorize a determination of liability against
16 the sovereign outside the terms of statutory provisions accepting
17 liability and subjection to suit").

18       Finally, plaintiffs make the novel assertion, without
19 citation to a single authority, that "the fact of seizure by the
20 [United States], and the holding of the funds by the [United
21 States] creates jurisdiction under federal law."  (Opp'n at 5.)
22 From this, plaintiffs posit a theory of "implied indemnity".
23 (Opp'n at 6.)  Implied indemnity "implies a contractual
24 obligation to indemnify despite the absence of an express
25 indemnity agreement where equitable considerations make it just
26 to shift the loss to the other party."  <u>Kramer v. CEDU</u>
27 <u>Foundation, Inc.</u>, 93 Cal. App. 3d 1, 12 (1979).  As discussed
28 above, this court is not at liberty to imply a waiver of

sovereign immunity nor can it create a waiver based upon equitable principles.  See <u>Mitchell II</u>, 445 U.S. at 538 (waivers of sovereign immunity cannot be implied); <u>Westbay Steel, Inc. v. U.S.</u>, 970 F.2d 648, 651 (9th Cir. 1992)(barring equitable claims for unjust enrichment and injunctive relief against United States).  Furthermore, plaintiffs have not identified any facts or other equitable considerations that would justify shifting any responsibility for the Clines' loss to the United States.

Therefore, in the absence of an express waiver of sovereign immunity by the United States of America, plaintiffs' suit is barred.

## CONCLUSION

For the foregoing reasons, the United States' motion to dismiss third-party plaintiff's complaint is GRANTED.  Because the United States removed this action to federal court based upon the claims set forth in third-party plaintiff's complaint, and because such claims have been dismissed, this case is REMANDED to the Superior Court of California, County of El Dorado.

IT IS SO ORDERED.

DATED: September 7, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE